IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-02-00274-CR

 

Anibal Montanez 

a/k/a Ivan Montilla-Pena,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 217th District Court

Angelina County, Texas

Trial Court No. 21844

 



DISSENTING Opinion ON REMAND



 

The opinion of the Court of Criminal Appeals states:  “The fact
that the State bore the burden of proving by clear and convincing evidence that
Montanez voluntarily consented to the search at the suppression hearing does
not change the standard of review on appeal.”  Montanez v. State, 195 S.W.3d 101, 108 (Tex. Crim. App. 2006).

That defies logic.


      In my view, the error in that statement
springs from the indiscriminate application of Guzman v. State, 955
S.W.2d 85, 87 (Tex. Crim. App. 1997), to all suppression hearings, regardless
of their subject matter.  See Montanez, 195 S.W.3d at 109-10 (Meyers,
J., dissenting).  The decision in Guzman
was whether probable cause existed and the standard set out in the court’s
opinion was designed to comply with the mandate
for “independent review” of determinations of reasonable suspicion and probable
cause set forth in the U.S. Supreme Court’s Ornelas decision.  Guzman,
955 S.W.2d at 87 (citing Ornelas v. United States, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996)).  The Guzman opinion notes that
probable cause “requires more than mere suspicion but far less evidence than
that needed to support a conviction or even that needed to support a finding by
a preponderance of the evidence.”  Id.

      Abuse-of-discretion reviews generally
involve two types of questions: 
questions of fact[1] and
questions of law.  Questions of fact are subject to a deferential sufficiency
review wherein we determine whether the evidence contained in the record
sufficiently supports the factual matters determined by the trial judge. 
Application of the law to those facts is a question of law reviewed de novo.  See
Villarreal v. State, 935 S.W.2d 134, 145 (Tex. Crim. App. 1996) (Keller,
J., concurring).

Thus, the problem this court faced in
this case, and faces again, is that we have found no Court of Criminal Appeals
case defining the term “clear-and-convincing evidence.”  Nor did we find any
discussion about how the requirement of clear-and-convincing proof of consent
fits into the Guzman standard of review, which, as noted, did not
address consent to search but dealt with findings of reasonable suspicion and
probable cause that can be supported by less evidence than a preponderance.

      I cannot conceive that the Court of Criminal
Appeals would adopt a definition of clear and convincing evidence different
from that enunciated by the U.S. Supreme Court and the Texas Supreme Court.  And,
I cannot believe that the court says that findings made under the
constitutionally required clear-and-convincing standard of proof can be
reviewed in the same manner as findings requiring only a preponderance of the
evidence, or less.  I say this because the court has already recognized that
the burden of proof in a trial-court hearing affects the standard by which we
review factual determinations on appeal.  See Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000).  Thus, as a “matter of logic,” our review
of the ruling from a suppression hearing in which proof of the fact issue of
consent must rise to the level of clear and convincing evidence should be less
deferential, even when the standard of review is whether the trial judge abused
his discretion and when the factual determinations turn on the credibility of
the witnesses.  See Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim.
App. 2004)[2] (“As
a matter of logic, a finding that must be based on clear and convincing
evidence cannot be viewed on appeal the same as one that may be sustained on a
mere preponderance.”) (quoting In re C.H., 89 S.W.3d 17, 25 (Tex. 2002)).

Is the court really saying that under Guzman,
the burden of proof at the suppression hearing does not matter, so that the
standard of review is the same whether the burden in the trial court was clear
and convincing evidence or some lesser burden?

      Hopefully the court will re-examine whether Guzman
applies to appellate review of all suppression hearings or just those involving
reasonable suspicion and probable cause.  A more workable solution would be to
return to the two-part analysis, whereby fact issues are reviewed to determine whether the evidence contained in the record
sufficiently supports the factual matters determined by the trial judge (bearing in mind the burden of proof at the
hearing) and application of law to fact issues are reviewed de novo.  See
Carmouche v. State, 10 S.W.3d 323, 331 (Tex. Crim. App. 2000).

The majority quotes the Court of
Criminal Appeals’ opinion: “The issue is whether, after affording
almost total deference to the trial court's determination of historical facts
that are supported by the record, the trial court abused its discretion by
finding that the State proved by clear and convincing evidence that Montanez
voluntarily consented to the search of the vehicle.”  See Montanez, 195
S.W.3d at 108.  That statement is internally inconsistent—only after
deferring to the trial judge’s determination of historical facts that are
supported by the record, should the question concerning abuse of discretion be
asked.  However, whether consent was given is an issue of fact.  Here, it is an
historical fact that must be supported by the record before it is due “almost
total deference.”  Because I do not believe that the record
sufficiently supports (by clear and convincing evidence) the implied finding
that Montanez voluntarily consented to the search of the vehicle, I
respectfully dissent.

 

BILL VANCE

Justice                                                                                                                                          

 

Dissenting
opinion delivered and filed November 8, 2006

Publish    









    [1]   The
quantum of proof required in a suppression hearing may differ depending on the
issue involved.  For example, proof of consent requires clear and convincing
evidence (as here).  In a search warrant case proof of perjury or reckless
disregard of the truth requires a lesser burden: preponderance of the evidence. 
Other issues require a lesser standard (such as in Guzman).





    [2]   Zuniga
was overruled in part by Watson v. State, ___ S.W.3d ___, ___ 2006 WL 2956272,
at *10 (Tex. Crim. App. October 18, 2006).